United States District Court
for the
Southern District of Florida

| | |
|---|---|
| A&F Bahamas, LLC, Plaintiff | ) ) |
| v. | ) ) Civil Action No. 15-60019-Civ-Scola ) |
| World Venture Group, Inc., and others, Defendants | ) ) |

### Opinion Order Denying Motion to Vacate Judgment

Before the Court is a motion to vacate final judgment and related orders (the "Motion," ECF No. 52) filed by Defendant Desmond Brunton ("Desmond"). Having considered the Motion, all supporting and opposing submissions and the applicable law, the Court **denies** the Motion (**ECF No. 52**) as follows.

1. **Background**

Plaintiff A&F Bahamas, LLC ("A&F") filed this suit on January 5, 2015, asserting a variety of claims against the Defendants, one of whom is Desmond. (ECF No. 1.) Certificates of service were filed for several Defendants, including World Venture Group, Inc. ("WVG") and World Venture Capital, Inc. ("WVC"). (ECF Nos. 8, 9.) A certificate of service was not filed for Desmond. Nonetheless, on February 25, 2015, counsel ("First Counsel") appeared on behalf of "DESMOND BRUNTON" and other defendants, representing that "[o]n February 4, 2015, Defendants' [sic] were served with Plaintiff's complaint" and requesting an extension of time to respond. (ECF No. 12.) The Court granted that motion and on March 4, 2015, First Counsel filed "Defendants', World Venture Group, Inc., World Venture Capital, Inc., D. Geno Brunton, **Desmond Brunton**, and Amy Roy-Haeger, Motion to Dismiss Plaintiff's Complaint, or in the Alternative Abate Proceedings, and Motion to Compel Arbitration." (ECF No. 14 (emphasis added).) Desmond did not object to service or personal jurisdiction in that motion. The Court granted the motion and compelled arbitration on May 1, 2015. (ECF No. 32.)

Then, on June 9, 2015, A&F filed a demand for arbitration with the American Arbitration Association (the "Arbitration"). (ECF No. 52-1 at ¶ 11.) Desmond received a copy of that demand in August 2015, (*id.*), the same month First Counsel sought leave of this Court to withdraw as Desmond's attorney after first conferring with his client. (ECF No. 35.) The Court granted that motion. (ECF No. 36.)

Meanwhile, back in the Arbitration, Desmond was a willing participant. From December 2015 through April 2016, Desmond, through arbitration counsel ("Arbitration Counsel"), propounded and responded to discovery requests, and submitted a sworn affidavit to the tribunal. (ECF Nos. 54-5, 54-7, 54-10.)

In April 2016, different counsel ("Second Counsel") appeared on behalf of Desmond in this case and unsuccessfully moved to stay the arbitration and disqualify A&F's lawyers. (ECF Nos. 40-43.) Second Counsel never requested or received leave to withdraw as Desmond's attorney in this case.

The tribunal issued its award (the "Award") on July 6, 2016 in favor of A&F and against WVG, WVC, D. Geno Brunton and Desmond, jointly and severally. (ECF No. 48-3.) The Award specifically found that "[a]s to each claim, the individual Respondents (Geno Brunton and Desmond Brunton) are liable individually and as alter ego's [sic], by piercing the corporate veil, of the entity Respondents (WVG and WVC)." (ECF No. 48-3 at p. 4.)

Two weeks later, on July 21, 2016, A&F moved this Court to lift the stay, confirm the Award and enter final judgment. (ECF No. 48.) Second Counsel received email notice of that filing, but Desmond did not oppose the motion or seek vacatur of the Award. So, after waiting a month, the Court granted the motion and confirmed the Award on August 22, 2016. (ECF No. 49.) The next day the Clerk entered judgment "in favor of the Plaintiff against Defendants [WVG], [WVC], D. Geno Brunton, and [Desmond], jointly and severally, on all other counts in the amount of $1,572,743.88." (the "Judgment," ECF No. 50.) Second Counsel received email notice of the confirmation order and Judgment.

A year passed, and in "October 2017 [Desmond] learned that [A&F] was attempting to enforce a judgment entered against [him] in this action in Barbados." (ECF No. 52-1 at ¶ 9.) Desmond then retained current counsel ("Current Counsel") to advise him in this matter. (*Id.*) Desmond claims Current Counsel are the only lawyers he ever retained in this matter, and that all prior action taken by First Counsel, Second Counsel and Arbitration Counsel on his behalf was done without his knowledge or authority. (*Id.*; ECF No. 55-1 at ¶ 8.)

Another year passed, and on September 20, 2018, Desmond filed the Motion through Current Counsel. (ECF Nos. 51, 52.) In the Motion, Desmond furthers three arguments to set aside the Judgment under Federal Rule of Civil Procedure 60: (1) that the Judgment is "void" under Rule 60(b)(4) because Desmond never received sufficient service of process, (ECF No. 52 at pp. 6-7); (2) that the Judgment is "void" under Rule 60(b)(4) because the Court lacked personal jurisdiction over Desmond, (*id.* at pp. 7-9); and (3) that the Judgment should be set aside under Rule 60(b)(6) because "attorneys that were never engaged by [Desmond] or authorized to represent him took multiple positions in

this case on his behalf that were contrary to the facts and against [Desmond's] interests." (ECF No. 52 at pp. 9-10.) Desmond submitted a sworn affidavit as an exhibit to the Motion. (ECF No. 52-1.)

A&F opposes the Motion. (ECF No. 54.) Procedurally, A&F argues that the Motion is untimely under Rule 60(c)(1), (*id.* at pp. 1-2), and that Desmond waived his service and personal jurisdiction-based objections, (*id.* at p. 6). Substantively, A&F argues that First Counsel was, in fact, authorized to represent Desmond, and that Desmond also voluntarily participated in the Arbitration through Second Counsel and Arbitration Counsel. (*Id.* at pp. 3-5.)

Desmond filed a reply brief contesting those procedural and substantive arguments, while also submitting a second sworn affidavit. (ECF Nos. 55, 55-1.)

### 2.    The Motion is Denied

In relevant part, Rule 60(b) permits a Court on "motion or just terms" to "relieve a party" from a "final judgment" or "order" when the "judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). Rule 60(c)(1) requires motion under Rule 60(b) "be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Under Rule 60(b)(4), "[a]n *in personam* judgment entered without personal jurisdiction over a defendant is void as to that defendant." *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 (11th Cir. 2007)). Motions raising jurisdictional challenges under Rule 60(b)(4) are not subject to Rule 60(c)(1)'s "reasonable time" limitation or "a typical laches analysis." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014); *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994). But "there are limitations on this doctrine," *Oldfield*, 558 F.3d at 1218 n. 21, and "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010).

"One such limitation is that objections to personal jurisdiction" are "waivable." *Oldfield*, 558 F.3d at 1218 n. 21. To that end, "[w]here a defendant does not raise the defense of lack of personal jurisdiction at the appropriate time in the district court, the objection is waived and the defendant is considered to have conferred jurisdiction by consent." *Harris Corp. v. Nat'l Iranian Radio & Tele.*, 691 F.2d 1344, 1353, n.18 (11th Cir. 1982). Similarly, where a party "knowingly s[its] on his rights" for significant time before "filing anything at all with the district court, he waive[s] his right to object" under Rule 60(b)(4). *Stansell*, 771 F.3d at 737 (party waived service and personal jurisdiction arguments under Rule 60(b)(4) due to unexplained five-month delay in moving district court under that rule); *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*,

743 F. App'x 390, 392 (11th Cir. 2018) ("Objections to personal jurisdiction, however, are waived if a defendant fails to raise that objection in a timely manner," and holding defendant waived such objections by failing to timely file a Rule 60(b)(4) motion).

The Court rejects Desmond's arguments under Rule 60(b)(4). To begin, Desmond waived his argument that the judgment is "void for lack of service of process" because he appeared through counsel and failed to raise that argument in his motion to dismiss.[1] (ECF Nos. 12, 14); Fed. Rs. Civ. P. 12(b)(5), 12(h)(1). Desmond's personal jurisdiction argument is waived for the same reason. (ECF Nos. 12, 14); Fed. Rs. Civ. P. 12(b)(2), 12(h)(1).

The Court acknowledges that Desmond swore under the penalty of perjury that, aside from Current Counsel, all the attorneys in this case and the arbitration who appeared on his behalf did so without his knowledge or authorization. (ECF Nos. 52-1, 55-1.) The Court is also aware that Current Counsel, who are officers of the Court, forcefully pursued that same position in this case through filings signed pursuant to Rule 11. (ECF Nos. 52, 55.) But even accepting these representations as true, Desmond still waived his arguments under Rule 60(b)(4). The admitted and uncontested facts establish that by October 2017, at the latest, Desmond knew the Judgment was entered against him in this case. (ECF No. 52-1 at ¶ 9.) He did not, however, lodge any personal jurisdiction or service-based objections or otherwise seek to vacate the Judgment

---

[1] String citing three Eleventh Circuit opinions, Desmond argues that "this Court has no discretion to deny a request to vacate under Rule 60(b)(4)" where service of process was insufficient. (ECF No. 52 at p. 6 (further representing that "[e]very Circuit Court that has addressed this issue is in agreement").) The Court disagrees because, to the extent those opinions actually support Desmond's argument, they are distinguishable as none involved a defendant who waived service and personal jurisdiction-based defenses by voluntarily appearing in the case and failing to raise those objections in his first responsive pleading or motion. *See De Gazelle Grp., Inc. v. Tamaz Trading Estab.*, 817 F.3d 747 (11th Cir. 2016) (reversing denial of Rule 60(b)(4) motion to vacate default judgment entered against defendant raising insufficient service argument); *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299-1301 (11th Cir. 2003) (affirming denial of argument under Rule 60(b)(4) that default judgment was void for insufficient service of process, and noting that "a party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365 (11th Cir. 1982) (reversing denial of Rule 60(b)(4) motion to vacate default judgment entered on amended complaint that asserted new claims but was not re-served on a previously defaulting defendant).

until September 20, 2018—eleven months later. (ECF No. 52.) Prior counsel's authority, or lack thereof, to represent Desmond in this proceeding does not explain or excuse this unjustified delay in filing the Motion. By "knowingly sitting on his rights for [eleven] months before filing anything at all with the district court, [Desmond] waived his right to object" under Rule 60(b)(4). *Stansell*, 771 F.3d at 737; *Pet Friendly*, 743 F. App'x at 392; *Espinosa*, 559 U.S. at 275. The Court therefore **denies** the requests for relief under Rule 60(b)(4).

Desmond's argument under Rule 60(b)(6) is also rejected. According to Desmond, "basic due process considerations require that orders entered [against him] on the basis of totally unauthorized representation must be vacated." (ECF No. 52 at p. 10.) "Motions filed pursuant to Rule 60(b)(6) . . . 'must be made within in a reasonable time.'" *Stansell*, 771 F.3d at 738 (quoting Fed. R. Civ. P. 60(c)(1)). Desmond filed the Motion forty-two months after First Counsel appeared on his behalf in this case seeking dismissal or an order compelling arbitration, (ECF Nos. 12, 14), thirty-nine months after the Court compelled him arbitrate with the Plaintiff, (ECF No. 32), thirty-six months after First Counsel moved to withdraw upon notice to, and without objection from, Desmond, (ECF No. 35), thirty-three months after Desmond appeared through counsel and sought discovery in the Arbitration, (ECF No. 54-5), thirty-two months after Arbitration Counsel "declare[d] under the penalty of perjury" in the Arbitration that he represented "Desmond Brunton," (ECF No. 54-6 at ¶ 1), thirty-one months after Desmond responded to discovery requests in the underlying arbitration, (ECF No. 54-7), twenty-nine months after Desmond submitted a sworn affidavit in the Arbitration, (ECF No. 54-10), twenty-nine months after Second Counsel appeared on Desmond's behalf in this case, (ECF No. 40), twenty-six months after entry of the Award against Desmond in the Arbitration, (ECF No. 48-3), twenty-five months after this Court entered the Judgment on the confirmed Award, (ECF Nos. 49, 50), and at least eleven months after Desmond claims he learned that the Award and Judgment were entered against him in proceedings that were, allegedly, litigated on his behalf without his knowledge or authorization, (ECF Nos. 52, 52-1, 55, 55-1). Without making any credibility determinations, on those facts, the Court concludes that Desmond was unreasonable in filing the Motion eleven months after learning of his purported grounds for relief under Rule 60(b)(6). Fed. R. Civ. P. 60(c)(1); *Stansell*, 771 F.3d at 738 (holding that five-month delay in seeking relief under Rule 60(b)(6) "surely was unreasonable" under Rule 60(c)(1)). Desmond's request for relief under Rule 60(b)(6) is thus **denied**.

**3.** **Conclusion**

For the foregoing reasons, the Court **denies** the Motion (**ECF No. 52**). The **Clerk** is directed to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered**, in Chambers, at Miami, Florida on May 2, 2019.

Robert N. Scola, Jr.
United States District Judge