United States District Court
for the
Southern District of Florida

| | |
|---|---|
| A&F Bahamas, LLC, Plaintiff )<br>)<br>v. )<br>)<br>World Venture Group, Inc., and )<br>others, Defendants ) | Civil Action No. 15-60019-Civ-Scola |

## Order Denying Motion to Reconsider Order Denying Motion to Vacate Final Judgment

Before the Court is a motion for reconsideration of order denying motion to vacate judgment (the "Motion," ECF No. 62) filed by Defendant Desmond Brunton ("Desmond"). The Court has carefully and thoroughly considered the Motion, the record in this case and the governing law—including the authority identified by the parties and the Court through its independent research. The Motion (**ECF No. 62**) is **denied** as follows.

In the Motion, Desmond raises three arguments under Rule 60(b)(6) that he claims warrant reconsideration of the Court's prior order denying his motion to vacate (the "First Order," ECF No. 61): (1) that "the Court clearly erred in its application of the law and departed from well-established precedent" in the First Order by finding Desmond waived his arguments under Rule 60(b)(4), (ECF No. 62 at p. 8); (2) that "the [First] Order will surely result in a manifest injustice as [Desmond] is liable for things he never did, pursuant to an order issued by a court that has no jurisdiction over him in a proceeding that he did not know about," (*id.*); and (3) that the Court "made a decision outside of the adversarial issues presented to the Court by the parties" in the First Order by finding Desmond waived his Rule 60(b)(4) arguments, (*id.*)

Federal Rule of Civil Procedure 60(b)(6) is a "catch-all," authorizing a court to "relieve a party or its legal representative from a final judgment, order or proceeding for . . . any other reason that justifies relief." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014); Fed. R. Civ. P. 60(b)(6). Application of this Rule is "carefully constrained" in the Eleventh Circuit, and "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana*, 741 F.3d at 1355; *Cano v. Baker*, 435 D.3d 1337, 1342 (11th Cir. 2006). Indeed, to warrant such relief, "not only must [a movant] show 'sufficiently extraordinary' circumstances, but also 'that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Doe v. Drummond Co., Inc.*, 782 F.3d 576, 612 (11th Cir. 2015). And Court's must

"carefully interpret[]" this rule "to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S. 927 (1970) (emphasis in original)).

Desmond's first argument is rejected. The Court did not "depart[] from well-established precedent" in finding that Desmond waived his Rule 60(b)(4) arguments "by knowingly sitting on his rights for eleven months before filing anything at all with the district court." (ECF No. 62 at p. 8.) Rather, that holding was dictated by Eleventh Circuit precedent. (ECF No. 61 at p. 5 (citing *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014); *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 392 (11th Cir. 2018)). This Court is bound by that precedent and to the extent Desmond disagrees with it he is free to take up that issue on appeal. (*See* ECF No. 62 at pp. 6-7.)

The Court rejects Desmond's second argument that reconsideration is necessary to correct manifest injustice. First, Desmond's argument that not vacating the judgment in this case will make him "liable for things he never did" is an improper collateral attack on the factual and legal determinations made in the underlying arbitration. Desmond was aware of and willingly participated in that proceeding. He could have, should have and may have raised those factual and legal arguments before the arbitral tribunal. It is not this Court's role to second guess an arbitrator's factual and legal findings, especially by motion to reconsider an order denying a motion to vacate a final judgment confirming an arbitral award, where the movant never sought vacatur of the award and is now time-barred from doing so. *See Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013). And Desmond's argument that the Court "has no jurisdiction over him" was already decided adverse to him as a matter of law, and the representation that Desmond "did not know about" this proceeding contradicts prior sworn statements submitted to the Court. (*See* ECF No. 52-1 at ¶ 11.)

Desmond's third argument—that the Court improperly adjudicated an issue outside of the scope of the parties' presentation—is also rejected. In opposition to Desmond's first motion under Rule 60, the Plaintiff argued that Desmond waived service and personal jurisdiction-based defenses. (ECF No. 54 at pp 6-7 (Desmond "had numerous opportunities in this action, through both sets of lawyers, and both before and after the arbitration hearing, to raise his service and jurisdictional arguments. He never did, and they are waived.").) The waiver argument was thus raised to the Court. The Court did not create an "extraordinary" circumstance warranting relief under Rule 60(b)(6) by

independently researching binding precedent applicable to that legal theory, much less by following that precedent.

Finally, Desmond presents new factual arguments that he claims refute a finding of waiver. (ECF No. 62 at pp. 8-10.) To the extent they are timely, the Court has considered these new arguments and Desmond's third declaration, submitted as an exhibit to the Motion (ECF No. 62-1). In his latest declaration, Desmond claims that counsel only filed the motion to vacate after first "confirming that [Desmond] had not signed an engagement agreement and that the underlying judgment was in fact void." (*Id.* at ¶ 10.) Desmond, notably, did not file those engagement agreements and the Court thus cannot verify if they in fact support his counsel's legal conclusion.[1] But even if he did, the Court would still find these new factual arguments do not raise an "extraordinary" circumstance warranting relief under Rule 60(b)(6) and would not change the Court's prior waiver analysis. *Drummond Co., Inc.,* 782 F.3d at 612 (emphasis added).

The Motion (**ECF No. 62**) is **denied**.

**Done and ordered**, in Chambers at Miami, Florida on May 14, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] This is not an invitation to submit those agreements or a third motion under Rule 60.